UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF MEDICAL CORPORATION TENRAIJI KANA DERMATOLOGY,<br><br>Applicant. | Case No.  23-mc-80123-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re:  ECF No. 1] |

On April 21, 2023, Applicant Medical Corporation Tenraiji Kana Dermatology ("Applicant" or "the Clinic") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Respondent Google LLC ("Google") in connection with a potential legal action in Japan.  *See* ECF No. 1 ("App.").  For the reasons set forth below, the Court GRANTS the application.

I.   **BACKGROUND**

Applicant is a dermatology clinic in Kitakyushu-shi, Fukuoka-ken, Japan.  Declaration of Kana Kozono, ECF No. 1-1 ("Kozono Decl.") ¶¶ 3-4.  The Clinic has a business profile on Google Maps, and many patients find and contact the Clinic using the Google search engine.  *Id.* ¶¶ 8-9.  On December 17, 2022, a review was posted on the Clinic page by a Google account with the display name "Daughter Horse"; it was edited on February 4, 2023.  *Id.* ¶¶ 11-12, Ex. 1.  It gave a one-star rating.  *Id.*  On February 13, 2023, a one-star review was posted on the Clinic page by a Google account with the display name "Shirahamayui."  *Id.* ¶ 13, Ex. 2.  And on February 18, 2023, a one-star review was posted by an individual with the display name "RN KA."  *Id.* ¶ 14, Ex. 3.  The Clinic Director, Kana Kozono, states that the information in Review 1 is false, and he thinks all three reviews were made by the same individual.  *Id.* ¶¶ 2, 19-27.  He states that since

the reviews were published, the Clinic has had fewer new patients, employee morale has been harmed, and he has suffered emotional harm and stress. *Id.* ¶ 28.

Applicant seeks to file a civil lawsuit under Articles 709 and 710 of the Civil Code of Japan, which are the statutes for reputational torts, against the individual(s) who posted the reviews. Kozono Decl. ¶¶ 29-30; Declaration of Tomohiro Kanda, ECF No. 1-2 ("Kanda Decl.") ¶¶ 5, 7-9. Applicant seeks discovery of information relating to the subject accounts from Google to determine who to name in the lawsuit. Kanda Decl. ¶ 13; *see* App., Ex. A (subpoena). The subpoena asks for documents associated with the identified accounts and any associated accounts, including names, addresses, email addresses, and telephone numbers, as well as identifying access log information, such as IP addresses. App., Ex. A.

Applicant filed an *ex parte* application asking this court to authorize the serving of this subpoena on Respondent. *See* App.

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

1 But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

### III. DISCUSSION

#### A. Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,

3

1   No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting

2   cases). Google is headquartered in Mountain View, California. Kanda Decl. ¶ 6, Ex. 1. That is

3   within this district, so this requirement is met.

4   Second, the discovery must be for use in a proceeding in a foreign tribunal. For a

5   proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be

6   "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, a civil lawsuit is within

7   reasonable contemplation because Applicant intends to bring a lawsuit under Japanese law once it

8   learns the identity of the putative defendant. Kozono Decl. ¶ 30. It has already retained counsel

9   for the purpose of doing so. *Id.* ¶ 29.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. As the putative plaintiff in the civil lawsuit, Applicant is an interested person. Kozono Decl. ¶ 30.

### B.  Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### 1. Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Japanese civil lawsuit or criminal proceeding; the only other party would be the anonymous individual. Kanda Decl. ¶ 14. This factor therefore weighs in favor of granting the application.

#### 2. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542

4

U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). In fact, courts in this district have previously granted Section 1782 discovery for use in proceedings in Japan. *See In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021). Applicant's attorney states in his declaration that, in his experience, Japanese courts are receptive to assistance in discovery by federal courts in the United States. Kanda Decl. ¶ 16. Therefore, this factor weighs in favor of granting discovery.

### 3. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicant is seeking to circumvent Japanese evidence laws. Applicant's attorney stated as much in his declaration. Kanda Decl. ¶ 17. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google about

1  the anonymous individual.  The subpoena is narrowly tailored to seeking the information that is
2  necessary to identify the identity of the putative defendant, and courts have found that requests
3  seeking similar information were not unduly intrusive or burdensome.  *See* Kanda Decl. ¶¶ 18-32;
4  *Med. Corp. H&S*, 2019 WL 1230440, at *3-4; *Med. Corp. Seishinkai*, 2021 WL 3514072, at *4-5.
5  To the extent Google asserts that any of the information sought by Applicant is burdensome or
6  confidential or proprietary, it can bring a motion to quash or the parties can enter a protective
7  order.  *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL
8  5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated:  April 24, 2023

*[signature]*

BETH LABSON FREEMAN
United States District Judge